UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. LITTLEJOHN,<br>Booking No. 22728794,<br><br>          Plaintiff,<br><br>  vs.<br><br>TREVOR GALLAGHER, et al.,<br><br>          Defendants. | Case No.: 23-cv-0297-BAS-MDD<br><br>**ORDER:**<br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br>**(2) SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff, currently detained at George Bailey Detention Facility ("GBDF"), is proceeding *pro se* and has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims Defendants, all officers with the San Diego Police Department, used excessive force against him in violation of his Fourth Amendment rights, causing him to be hospitalized with "broken ribs, [a] broken ta[i]l bone, and blood clots" in his lungs and legs. (*Id.* at 3.) He seeks compensatory and punitive damages. (*Id.* at 7.) Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

Having reviewed the filings, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2). Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court also

has a duty to screen Plaintiff's claims *sua sponte*. For the following reasons, the Court concludes Plaintiff's Complaint clears the "low threshold" of *sua sponte* screening.

## II.    Motion for Leave to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. §§ 1915(b)(1),1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his trust account statement. It shows $249.55 in average monthly deposits credited to his account over the

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of his Complaint. (*See* ECF No. 2 at 5–6.) The "Running Balance" for his account never exceeded $195.28 during that period, and his available balance as of February 3, 2023 was $194.88. (*Id.*) Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $49.91 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee shall not be collected if insufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). The remaining balance of the $350 total fee owed in this case must be collected by the Watch Commander of the GBDF, or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing or "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Screening requires the Court to dismiss *sua sponte* a complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In his Complaint, Plaintiff alleges Defendants used excessive force against him during an incident on July 7, 2022. (ECF No. 1 at 3.) Under the Fourth Amendment, the key inquiry is whether the officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (cleaned up); *see also Velazquez v. City of Long Beach*, 793 F.3d 1010, 1024 (9th Cir. 2015) ("[D]etermining whether force used in making an arrest is excessive calls for a fact-intensive inquiry requiring attention to all circumstances pertinent to the need for the force used.").

In this case, Plaintiff states that he was unarmed and handcuffed when Defendants hit him numerous times in the face and body, kneed him in the head and back, and pushed his face into the ground. One officer fired his gun at Plaintiff but missed. As a result of the incident, Plaintiff was hospitalized for four days where he was treated for broken ribs, a broken tail bone, and blood clots in his lungs and legs. He also alleges he suffered a seizure as a result the beating. (*Id.* at 3–5.) Drawing inferences in favor of Plaintiff, the Court finds

it plausible that Defendants' use of force was not objectively reasonable in light of the circumstances. Thus, the Complaint plausibly alleges a Fourth Amendment excessive force claim sufficient to meet the "low threshold" for proceeding past screening. *See Wilhelm*, 680 F.3d at 1123.

Therefore, the Court will direct the U.S. Marshal Service ("USMS") to effect service of summons and Plaintiff's Complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). [2]

## IV.  CONCLUSION

Based on the foregoing, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) pursuant to 28 U.S.C. § 1915(a).

2.  **ORDERS** the Watch Commander of the GBDF or his designee, to collect from Plaintiff's prison trust account the $49.91 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward that initial fee to the Clerk of Court. Further, the Court **ORDERS** the GBDF Watch Commander or his designee to collect the remaining balance of the $350 filing fee in monthly payments equal to twenty percent (20%) of the preceding month's income and forward these payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158-0002.

4.  **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No.

---

[2] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285s as completely and accurately as possible, *include an address where each of the named Defendants may be found and/or subject to service* pursuant to Local Civil Rule 4.1(c), and return it to the USMS according to the instructions the Clerk provides.

5. **ORDERS** the USMS (1) to serve a copy of the Complaint and summons upon Defendants Trevor Gallagher, Kyle Fitzgerald, Ryan A. Blouin, Michael S. Johnson, Alexander Murphy, and Stephen Hickox as directed by Plaintiff on the U.S. Marshal Form 285s and (2) to file executed waivers of personal service upon Defendants with the Clerk of Court as soon as possible after its return. Should Defendants fail to return the USMS's request for waiver of personal service within 90 days, the USMS shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, including the date of the summons, the Complaint, and the request for waiver mailed to the Defendant. All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the USMS on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants Trevor Gallagher, Kyle Fitzgerald, Ryan A. Blouin, Michael S. Johnson, Alexander Murphy, and Stephen Hickox, once they have been served, to reply to Plaintiff's Complaint, and any subsequent pleading filed in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2).

7. **ORDERS** Plaintiff, after service has been effected by the USMS, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants counsel, a copy of every further pleading, motion, or other document submitted for the Court's

23cv0297

consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or his counsel, and the date of that service. *See* CivLR 5.2.

  **IT IS SO ORDERED.**

**DATED: April 26, 2023**

Hon. Cynthia Bashant
United States District Judge

23cv0297